NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3669

_____

UNITED STATES OF AMERICA

v.

WILLIAM A. JOHNSON,
aka TATTOO BILLY

William A. Johnson,
    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00075-002)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2011

_____

Before: HARDIMAN, ALDISERT, Circuit Judges,
and RESTANI,[*] Judge

(Filed: June 23, 2011)

_____

OPINION OF THE COURT

---

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

_____

RESTANI, <u>Judge</u>.

Appellant William Johnson appeals his sentence of 348 months' imprisonment for, <u>inter alia</u>, conspiracy to distribute methamphetamine. For the following reasons, we will affirm the district court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history. In October 2007, a jury found Johnson guilty of multiple crimes, including conspiracy to distribute "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." 21 U.S.C. § 841(b)(1)(A)(viii). At the sentencing hearing, the district court attributed a drug quantity of 11.34 kilograms to Johnson, and, as a result, calculated an offense level of thirty-nine (39), which consisted of a base offense level of thirty-six (36), U.S. Sentencing Guidelines Manual § 2D1.1(c)(2), and a three-level enhancement for performing a managerial or supervisory role, U.S. Sentencing Guidelines Manual § 3B1.1. <u>See</u> <u>United States v. Heilman</u>, 377 F. App'x 157, 167 (3d Cir. 2010). Johnson was sentenced to 360 months imprisonment, a five-year term of probation, forfeiture of specific tangible property, and a special assessment of $500. <u>See</u> <u>id.</u> at 166–67. This sentence was later reduced to 348 months after we upheld his conviction, but held he could not be sentenced as a career offender. <u>Id.</u> at 221. Johnson now claims that the district court's findings as to drug quantity and his role in the conspiracy, which were made under a preponderance of the evidence

2

standard, violated his Sixth Amendment right to a jury trial. This claim lacks merit.

This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We "review factual findings relevant to the Guidelines for clear error and to exercise plenary review over a district court's interpretation of the Guidelines." United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

Under 21 U.S.C. § 841, a "person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ." 21 U.S.C. § 841(b)(1)(A). "Judicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt." Grier, 475 F.3d at 562. The district court's factfinding, therefore, did not violate Johnson's constitutional rights because the sentence of 348 months did not exceed the statutory maximum of life imprisonment.[1] See Grier, 475 F.3d at 564 (providing that "[t]he maximum legislatively authorized punishment to which the defendant is exposed is no longer the maximum prescribed by the Guidelines; instead it is the maximum prescribed by the United States Code"); see also United States v. Booker, 543 U.S. 220, 227 (2005) (providing that 21 U.S.C. § 841 "prescribes a minimum sentence of 10 years in prison and a maximum sentence of life for that offense").[2]

---

[1] Cunningham v. California, 549 U.S. 270 (2007), does not support Johnson's position because the defendant's sentence in that case exceeded the range prescribed by the California penal code. See id. at 282–83, 294.

[2] In a Rule 28(j) letter, the defendant now requests a remand for resentencing in

(continued...)

3

Accordingly, we will affirm the district court's judgment.

_____

[2](...continued)
light of the recent Supreme Court decision, Pepper v. United States, 131 S. Ct. 1229
(2011).  Specifically, he claims that Pepper supports his proposition that his post-sentence
rehabilitation should be considered by the sentencing judge.  The District Court, however,
considered the defendant's post-sentencing rehabilitation at the resentencing hearing.
Thus, nothing more is required under Pepper.